IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CR-20106-MOORE/MCALILEY(s)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PATRICK KILLEN, JR.,
  a/k/a/ "rebeccatill05"
  a/k/a/ "beverlyhills05"
  a/k/a/ "Chanelizzabel"

    Defendant.
_____/

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE RECORDS PRODUCED BY KIK INTERACTIVE INC., MLAT RESPONSES, KIK INTERACTIVE INC. MLAT, SUPPLEMENTAL RESPONSES AND KIK BUSINESS RECORDS FOR CHANELIZZABEL BASED UPON THE CONFRONTATION CLAUSE

The Defendant, PATRICK KILLEN, JR., by and through his undersigned counsel, files this Motion In Limine to exclude the KIK INTERACTIVE MLAT RESPONSES, KIK INTERACTIVE INC., MLAT SUPPLEMENTAL RESPONSES, AND KIK BUSINESS RECORDS FOR CHANELIZZABEL.

### PROCEDURAL HISTORY AND UNDERLYING FACTS

After a two year investigation involving undercover Federal Bureau of Investigation operatives, on March 6, 2015, Defendant was arrested and charged with Production of Child Pornography, Distribution and Receipt of Child Pornography, Interstate Threats, Possession of Child Pornography and Destruction of Records of a Federal Investigation.  Subsequently, a Superseding Indictment was filed on April 24, 2015.

According to the first Indictment, the government alleged the Defendant communicated and committed child pornography crimes resulting from his interaction in August, September

and December of 2013 with three minors, identified in the indictment only as, "masonlikescake", "jacksoncook10" and "frosty2499". The communications were alleged to have been conducted through "KIK", an instant messaging phone application manufactured by KIK INTERACTIVE, INC., a Canadian company that claims over 200 million users worldwide. The evidence identifying the three alleged minor "victims" was obtained after FBI agents of the Miami Division conducted a "Knock and Talk" on February 11, 2014 and ended up interrogating the Defendant whereby they obtained a recently disputed "Voluntary Confession" and "Consent to Search Form", to surrender the Defendant's I-Phone and Macbook Pro " to the government. The Government has filed a witness list and exhibits indicating that the MacBook Pro was subsequently examined by computer forensic FBI agents who are expected to testify that files were extracted from the computer's "mobile sync backup" which revealed "KIK chats" involving the three aforementioned teenagers.

On March 24, 2013, Charlotte Division of the FBI allege they received an e-mailed report by a North Carolina resident, of Matthews, North Carolina reporting that his teenaged son had been enticed by user name "Rebeccatill05" to send a nude photo of himself via a telephone application to an unknown person.  The Charlotte Division subsequently issued MLAT request to KIK INTERACTIVE, INC., in Canada with the cooperation of the Royal Canadian Mounted Police.

## MUTUAL LEGAL ASSISTANT TREATY REQUESTS, RESPONSES

1. **MLAT Requests**: Under a treaty agreement between Canada and the United States, The Charlotte Division's agents issued Mutual Legal Assistant Treaty requests to KIK Interactive Inc., a Canadian company for information on user name "Rebeccatill05". (*the MLAT*

*requests far exceeded the scope of even the United States Title 18's Administrative Subpoenas that are allowed in the United States for child pornography cases*).

2. **KIK INTERACTIVE INC.'s MLAT Responses:** The government has filed a Notice to use the MLAT responses at trial as follows:  Batestamped documents PJK00047, PJK0048, which include the Certificate of Business Records by KIK's agent, Heather Gale. Heather Gale is not listed on the Government's Witness list filed for the trial to begin July 6, 2015.  In her affidavit, KIK's Heather Gale states, "I further declare that the documents attached hereto are originals or true copies of records which:  1. Were made at or near the time of the occurrence of the matters set forth therein by or from information transmitted by a person, with knowledge of those matters; 2. Were kept in the course of regularly conducted business activity, and were made by the said business activity as a regular practice.

3. **MLAT Responses gathered at KIK INTERACTIVE INC., ("KIK") by Royal Canadian Mounted Police**: On September 4, 2013, Constable Orzga prepared a report detailing his visit on 8/26/2013 to KIK INTERACTIVE INC., wherein he noted that he procured a USB thumb drive and a "legend key for decryption" containing images, chat logs, "bind logs" containing IP addresses related to user name "Rebeccatill05".  In the September 4, 2013 report, he indicated that he obtained one thumb drive that was stored as "Exhibits" in a locker.  On September 13, 2013, the exhibit log (PJK0048) indicates the "Exhibit" containing items 1-6 was removed from the locker and moved to the work desk of Constable Ozga and then to a computer of Cpl. Falbo for "True Crypt" encryption of the CP, Constable Ozga'S handwritten notes are added to the Exhibit report as follows:  " New Exhibit #7 was created by Cpl Falbo with Ozga present, all items were returned to the Exhibit locker.  Items 1, 2, 3, 4, 5, 6 and 7.  Only 1, 2, 3, 4, 6 and 7 were removed and packaged for sending to IAG/USA, Julie Fong. (Composite Exhibit 3

PJK0048 and PJK0049).  Constable Ozga also noted that a DVD/CD was created by Cp. Judy Falbo on 9/13/2013 and #5 the Exhibit report indicated the Lexar Thumb drive, item #5 would be destroyed.

4.  **"KIK" business records for Chanelizzabel:**  On 11/12/2013, Norwood, New Jersey requested IP addresses between 11/8/13 and 11/11/13 for user name Chanelizzabel "regarding a child sexual exploitation investigation".   This request was predicated on an incident reported by Officer Christian Frederic of the Norwood, NJ police department regarding an unknown person online who was using the username, "Chanelizzabel" and had somehow made contact with the witness, E.J.'s friend, S.K.  The third-party witness, E.J., advised Officer Frederic that "her" phone had been taken away and discarded before she had reported this incident to police. "KIK" responded to the New Jersey Grand Jury's request in Batestamped numbers PJK 00318 and PJK00319:  "*As noted in the LER, KIK may be unable to provide IP addresses older than 30 days.  We searched our databases for the time range and were unable to find any IP addresses for this specific time period.* "

The government has indicated it will call Officer Christian Frederic of Norwood, NJ police department to testify in the Defendant, KILLEN's, trial beginning 7/6/2015, however, neither E.J., nor S.K. will testify live at trial and the New Jersey Grand Jury Letter of Request to KIK regarding Chanelizzabel were definitely prepared in anticipation of trial, therefore testimonial in nature.

## MOTION IN LIMINE BASED UPON THE CONFRONTATION CLAUSE

1. **Confrontation Clause Principles.**

"The Sixth Amendment's Confrontation Clause confers upon the accused in all

Criminal prosecutions… the right… to be confronted with the witnesses against him." United States v. Phoeun Lang, 672 F.3d17,21 (1st Cir. 2012). (quoting Bullcoming v. New Mexico, 131 S.Ct. 2705,2713 (2011), "This constitutional mandate affords a criminal defendant procedural protection by guaranteeing the reliability of certain evidence, tagged "testimonial hearsay" can be tested by cross-examining the one "bearing testimony" against him. Crawford v. Washington, 541, U.S. 36,51,53 (2004); accord Davis v. Washington, 547 U.S. 813, 823024 (2006).

     a.    **Testimonial Nature of Records:**  Returning to the facts of this case, even if the records at issue here are business records, as the government presents, we must still determine whether or not they are testimonial.   In Crawford, the Supreme Court held that the Confrontation Clause bars the admission of "testimonial statements" of witnesses absent from trial." Unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. 541 U.S. at 59.  However, if the government knows where the witness is and it would be merely inconvenient to bring him or her back for trial, the witness is not considered unavailable.  See, e.g. State v. Tribble, 57A 3d210 (Vt2012) (forensic analyst now working in New Zealand not unavailable).  Two years later, in Davis v. Washington, the Court held that Crawford's prohibition "applies only to testimonial hearsay".  David v. Washington, 547 U.S. 813, 823-24 (2006).  Although the Supreme Court seemed to indicate in Crawford that business records are not testimonial "by their nature, "541, U.S. at 56, the Court later indicated that this is not necessary the case for all business records.  In Melendez-Diaz v. Massachusetts, the prosecutor sought to admit "certificates of analysis" that showed that a substance was cocaine.  557 U.S. 305, 308 (2009).  The certificates were sworn to by analysts at a state laboratory.  Id.   Although the trial court allowed the certificates, even though the forensic analysts who tested the substance did not testify.  Id.  At 309.  The Supreme Court ruled that the admission of these certificates

violated the Confrontation Clause because they fell into the "core class of testimonial statements." identified in Crawford.  Melendez-Diaz, 557 U.S. at 310 (quoting Crawford), 541 U.S. at 511.  The Court found that the certificates were effectively affidavits, and that they had clearly been made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. (quoting Crawford, 541 U.S. at 501).   In finding that the admission of the certificates violated the Confrontation Clause, the majority rejected the argument that the certificates could be admitted as business records.  Although the majority found that the certificates "(did) not qualify as business records,: they held that even if the certificates were business records, "their authors would be subject to the confrontation clause." Id. At 321.   The majority observed that although ("documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status)" this would not be so "if the regularly conducted business activity is the production of evidence for use at trial." Id at 521.  As the majority explained, "business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial, they are not, testimonial." Id. 324 .  Thus, because the certificate at issue in Melendez-Diaz had been "prepared specifically for use at petitioner's trial," the court held that "whether or not they are qualified business records," they were inadmissible unless their authors could be cross-examined. Id., Bullcoming, 131 S. Ct. at 2720 ("documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status." Except "if the regularly conducted business activity is the production of evidence for use at trial." In that circumstance, the hearsay rules bar admission of even business records.") (Sotomayor, J., concurring) (internal citation omitted) (quoting

Melendez-Diaz, 557 U.S at 321). "The principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure and particularly its use of ex-parte examinations as evidence against the accused… The Sixth Amendment must be interpreted with this focus in mind." Crawford, 541, U.S. at 56 n. 7.  "When the government is involved in the statements production and when the statements describe past events, the statements, "implicate the core concerns of the old *ex-parte* affidavit practice. "Lily v. Virginia, 527 U.S. 116,137 (1999) (plurality opinion) quoted in part in Davis, 126, S.Ct. at 2276. Police reports are testimonial, because they are created for an investigatory/prosecutorial purpose.  Melendez-Diaz., 557 US at 322.  Regarding Chain of Custody Affidavits if the prosecution offers evidence, it must do so via "live" witnesses, Melendez-Diaz, 557 US at 311.  If a business generates reports designed to detect criminal activity and turns them over to trigger criminal investigations, the reports are testimonial.  See United States v. Cameron, 699 F. 3d 621 (1st Cir. 2012) (reports from internet service provider, concerning suspected child pornography activity were found to be testimonial).

    **b.**  Generally, Hearsay is not admissible.  Fed. R. Evid. 802.  Hearsay is defined as a statement other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth or the matter asserted.   Federal R. Evid. 801. Federal Rule 803 **(c)**contains a four prong test for whether a record is admissible despite its  hearsay status. ……E. "Neither the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness. "  The Defendant protests that the Constable's admitted removal of the thumb drive from the Exhibit locker more than 15 days after he returned with the item then  the creation of a new CD utilizing a "legend key for encryption", and his admitted planned destruction of the original thumb drive evidence provided by KIK corrupted the chain of custody

from KIK directly to the United State's IAG's office thereby creating a lack of trustworthiness in the accuracy of the records.

    c.    KIK's representative attested in her certificate that the CP images produced by KIK INTERACTIVE, INC. were kept in the normal course of business.   (Quoting Cameron) Thus, in analyzing whether the receipts of the CP reports are testimonial, we consider which of the receipts were simply computer generated copies are (1) out of court hearsay statements, and (2) whether these statements are testimonial. Earle, 688 F.3d at 542. In order to constitute hearsay, the CP reports must be (1) statements made out of court, (2) offered into evidence to prove the truth of the matter asserted. Fed. R. Evid. 801 (b) and (c).  As to the first prong, we have no trouble finding that the CP Reports are out-of-court statements, as they are written assertions, made outside the courtroom, containing information on screen names that KIK has associated with potential child pornography.  We also find that the second prong is met as the CP Reports (See Exhibit __PJK0061) were made by a person, with knowledge of their contents as certified by Heather Gale of KIK.   We do believe that Ms. Gale authorized the release of the records to Constable Ozga pursuant to the MLAT requests.   Therefore, the CP Reports produced by KIK as a whole are statements  made by a person who intended those statements to be taken as true. Lastly, the government listed over 75 :Image from KIK Interactive Inc., Exhibits from MLAT Reponses and MLAT Supplemental  Responses on its Exhibit List.   The government sought to link the user name Rebeccatill05 to the Defendant.  The prosecution was seemingly operating under the impression that this IP address was the one from which the most recent image of child pornography was uploaded, even this association is not readily apparent from the documents themselves.   (Continuing to quote Cameron).  The Supplemental MLAT Responses produced by KIK on 9/9/2014 (See government's Bate stamp # PJK00125) again specified an "Order to

gather evidence" related to user name "Rebeccatill05".  This time the production included 1,206 pages of "chat logs" with time stamps between 10/23/2012 and 1/10/2014 related to user name "Rebeccatill05", a Metra User Inspection Report and alleged to contain 43 results saved in a small black folder named "Rebeccatill05".  On 11/12/2013, the Norwood, New Jersey police, Christian Federica had encountered an unsubstantiated local report of a user name "Chanelizzabel" sending and receiving nude photos to an from a teenager, S.K., as reported to police by his female friend in Norwood, NJ.  The policeman had applied for and had issued by the Court Grand Jury Subpoenas requesting  IP addresss of KIK for the user name "Chanelizzabel" between 11/8/13 and 11/11/13.  KIK responded "as noted in the LER, KIK may be unable to provide IP addresses older than 30 days.  "We searched our databases for the time range and were unable to find any IP addresses for this specific time period" (See batestamp PJK00318, PJK00319).  The certifier of this response was Lisa Van Heugten, KIK Certification of Business Records.  (See Batestamp PJK00464).  This evidence should be excluded pursuant to the Confrontation Clause.  Although the government introduced on its witness list Officer Christian Fredric, of the Norwood, NJ police department and the Defendant contends plans to have him testify as to receipt of the responses from the various Grand Jury subpoenas will  has no direct knowledge of either the event (the alleged victim's friend reported to the policeman that the KIK application was deleted from the phone of the alleged victim prior to reporting the crime) nor as to the authenticity of the KIK records since we have not been able to discern from the CP records the exact date and time the child pornography was uploaded to the KIK server, nor by whom.  Although the government has no proof of any CP from KIK in relation to Chanelizzabel, it has listed as Exhibits and is planning to utilize the prior production related to user name Rebeccatill05 to support its claims against the "charged" victims.   We note that the

CP reports to not in any way link the time of the uploaded, CP image, they only provide a copy of same.  In Cameron, defense counsel posited, "the figurative elephant in the room revolves around whether Mr. Killen must be given an opportunity to confront each and every witness who supplies evidence that the government will use to prove he has committed the alleged offenses. In the subject case as in Cameron, the defendant is left to argue that the proposed statement in a KIK report offered for truth is that the digital images were found in the  report.    In this case as well as Cameron, the retrieval process for the digital images from KIK began when Charlotte FBI received a tip associating images of CP to a particular user's account, Rebeccatill05.    To allow admission of the MLAT responses or the MLAT supplemental responses by KIk would violate the Defendant's Sixth Amendment Rights as defined by the Confrontation Clause.

**SUMMARY:** The government has advised the Defendant's counsel that the North Carolina victim, user name kylerj723, is not expected to be charged in the subject case and neither the North Carolina "victim", nor his father who lodged the original complaint with the Charlotte Division are listed on the witness list for to testify at the trail commencing July 6, 2015, only the Charlotte Division FBI's Special Agent, Susan Ostrobinski,  is listed on the witness list to testify.  Ms Ostrobinski only requested the records from the US to Canada by preparation of the MLAT requests, she is not in a position to authenticate the records produced by KIK from Canada, nor can she introduce hearsay  testimony regarding the KIK evidence found on the alleged "victim's"  phone as this alleged "victim" had stated in a report that he had also deleted his KIK app prior to contacting the Federal Bureau of Investigation.

**Argument:**  Pursuant to the Confrontaion Clause and the Defendant's Sixth Amendment Right to same, the government has not produced a live witness and has also failed to provide authentication for the  records produced by "KIK" in  both the original MLAT responses of

9/4/2013 (as to username Rebeccatill05) and the records produced subsequently in the Supplemental MLAT responses of 9/9/14 and the KIK business records requested for (Chanelizzabel) by the Norwood, NJ Grand Jury's Subpoena to same. All the "KIK" records described above should be excluded from the evidence to be used at trial.

Dated: July 6, 2015

Respectfully submitted,

By: /s/ Fred A. Schwartz
Fred A. Schwartz, Esq.
Fla. Bar No. 360538
Attorney for Defendant
Patrick Killen, Jr.
Kopelowitz Ostrow, et al.
200 South Palmetto Park Road, Suite 103
Boca Raton, Florida  33432
schwartz@kolawyers.com
Cellular: (561) 504-8534
Telephone:  (561) 910-3070
Facsimile:  (561) 409-0882

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF on this 6th day of July, 2015.

/s/ *Fred A. Schwartz*
Fred A. Schwartz, Esq.